By the Court, Bronson, J.
The drawer of a bill of exchange agrees with every one who may become the holder, that he will pay the bill, if it shall not be accepted and paid by the drawee, and due notice shall be given of that fact. But the bill never imports an obligation on the part of the drawer to pay the amount to the drawee. If the drawee pays the bill without having funds of the drawer in his hands, the law will raise an *162 implied promise by the latter to refund the money. But in such a case, if there be two drawers, one of whom appears on the face of the bill to be a surety for the other, the law will only raise an implied promise by the principal, and not by the surety, to refund the amount to the drawee. (Griffith v. Reed, 21 Wend. 502.) And the rule is the same, although it does not appear on the face of the bill that one of the drawers was a surety for the other, provided the fact that he was such surety was known to the drawee at the time when he accepted and paid. (Suydam v. Westfall, 4 Hill, 211, 218.) Here, the defendants Gurney and J. Post became parties to the bill as sureties for Terry & Post, having no other connection with their business, and no dealings with the plaintiff; and these facts were known to the plaintiff. There were dealings between the plaintiff and Terry & Post, and he paid the bill and charged the amount to them. On this state of facts it has already been settled that there was no implied promise by the sureties to refund the money to the plaintiff. He must look to Terry & Post.
But there is another fact which is supposed to distinguish this case from those already cited. Gurney and J. Post put their names to the bill for the purpose of becoming sureties to the plaintiff for Terry & Post. But the difficulty is, that signing the bill did not accomplish the proposed end. The bill does not speak the language of contract as between the drawers and the drawee. (Griffith v. Reed, 21 Wend. 502.) The intention of Gurney arid J. Post to become sureties to the plaintiff, did not make them so, because that is not, and cannot, upon any possible construction, be the legal effect of the writing which they signed. The parties have mistaken the law, and the sureties would not be bound even in a court of equity. Phelps v. Garrow, (8 Paige, 322,) is a parallel case.
The most that can be made of the matter is this:—Gurney and J. Post agreed by parol, that if the plaintiff would pay the money for Terry & Post, they would be sureties for its repayment. That was clearly a collateral undertaking for the debt or default of Terry & Post, and void within the statute of *163 frauds for the want of a writing. (2 R. S. 135, § 2; and see Suydam v. Westfall, and Phelps v. Garrow, supra.) The verdict must be set aside.
New trial granted.